NOT FOR PUBLICATION                                                         [82]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY L. BOOTH, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY LORENO, *et al.*, <br><br> Defendants. | Civil Action No. 02-6752 (FLW) <br><br> OPINION |

**WOLFSON, District Judge**

Plaintiff Timothy L. Booth, proceeding *pro se*, has moved before this Court to "Increase Fines Against Patrick McMonagle", former counsel to the Defendants in this action. Defendants oppose Plaintiff's Motion on the grounds that it is moot as the Court-ordered sanction has been paid by the Commonwealth of Pennsylvania. For the reasons that follow, Plaintiff's motion is denied.

**I. BACKGROUND**

The lengthy procedural history of this case is more fully set forth in a separate Opinion of this Court entered on this date. Essentially, Plaintiff's case arises from his alleged mistreatment while he was incarcerated at the State Correctional Institution at Graterford in June 2002. Plaintiff has since been released from prison. On June 28, 2006, the parties appeared before this Court on several petitions filed by Plaintiff involving the conduct of former counsel Patrick McMonagle. By Order dated July 5, 2006, this Court ordered Defendants' counsel to pay fifty dollars ($50) to Plaintiff as a sanction for filing a misleading and incomplete motion to compel

Plaintiff's participation in a deposition. On September 29, 2006, Plaintiff moved before this Court "to Increase the Fines Against Patrick McMonagle" (the "Motion to Increase Fines").

## II. DISCUSSION

In the Motion to Increase Fines, Plaintiff seeks to have this Court increase the $50.00 fine imposed in connection with Mr. McMonagle's conduct to $5,000.00 based upon Mr. McMonagle's failure to pay the fine and subsequent withdrawal as counsel to Defendants in this action. Plaintiff contends that Mr. McMonagle has demonstrated contempt for the Court in failing to pay the fine and in allegedly stating to Defendant during the July 11, 2006 deposition "that he wasn't going to pay him." See Plaintiff's Motion Br. at p. 2. Alternatively, Plaintiff seeks to have Mr. McMonagle disbarred.

Defendants oppose Plaintiff's Motion to Increase Fines asserting that it is moot in light of the October 5, 2006 payment to Plaintiff of the $50.00 sanction. Present counsel to Defendants, Barry N. Kramer, contends that Mr. McMongale separated from the Office of the Attorney General on August 25, 2006 and withdrew his appearance as defense counsel at which time Mr. Kramer entered an appearance. Defendants' Opp. Br. at p. 1. Mr. Kramer contends that he understood that Mr. McMonagle had paid the sanctions and was in the process of reviewing Mr. McMonagle's files when the instant Motion was filed. Upon receipt of Plaintiff's Motion, and upon verification that the fine had not been paid to Plaintiff, Mr. Kramer asserts that he expeditiously arranged for payment of the sanction and provides the Court with proof that the sanction has indeed been paid. In light of the payment, and relying upon Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993), Defendants seek the denial of Plaintiff's Motion to Increase Fines as moot.

2

Upon review of the parties' submissions, this Court finds no basis that would warrant an increase in the sanctions imposed by the Court upon Mr. McMonagle or the Defendants. The Court has carefully reviewed the transcript cited by Plaintiff in support of his contention that Mr. McMonagle has demonstrated contempt for this Court and disagrees with Plaintiff's conclusion. Contrary to Plaintiff's assertion, Mr. McMonagle never stated that he had no intention of paying the sanction, rather, he stated that he did not know when the payment would be made as it would be paid by the Commonwealth of Pennsylvania. Mr. McMonagle's response in this regard is not unreasonable in light of the fact that it was made only six days after this Court issued the order imposing the sanction. The Court notes that while it is troubled that Mr. McMonagle did not alert present counsel to the fact that the sanction had not yet been paid upon separating from the Office of the Attorney General in August 2006, the Court does not find that this omission justifies the imposition of further sanctions. Additionally, since present counsel arranged for the payment of the sanction within six days of learning that the sanctions had not been paid, the Court finds no basis that would warrant the imposition of sanctions on Defendants.

## III. CONCLUSION

For the reasons discussed herein, the Plaintiff's Motion to Increase Fines is denied.

Dated: May 16, 2007        /s/ Freda L. Wolfson
                           Honorable Freda L. Wolfson
                           United States District Judge

NOT FOR PUBLICATION [82]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY L. BOOTH, : | Civil Action No. 02-6752 (FLW) |
| Plaintiff, : | |
| v. : | **ORDER** |
| DEPUTY LORENO, *et al.*, : | |
| Defendants. : | |

**WOLFSON, District Judge**

This matter having been opened to the Court by Plaintiff Timothy L. Booth, pro se, by the filing of a Motion to Increase Fines Against Patrick McMonagle; Barry N. Kramer, Esq., counsel for Defendants, having filed opposition thereto; the Court having reviewed the papers pursuant to Fed. R. Civ. P. 78; and for the reasons stated in the Opinion filed on this date; and for good cause shown;

IT IS on this 16th day of May, 2007,

**ORDERED** that Plaintiff's Motion to Increase the Fines Against Patrick McMonagle is DENIED.

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge